■ In the Matter of JAY LEWIN, Petitioner-Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant. — Judgment, Supreme Court, New York County (Helman, J.), entered June 22, 1981, which granted a CPLR article 78 petition and annulled an order issued by respondent, and which in its third decretal paragraph directed "that such lease shall commence on the date a fully executed copy thereof is served upon the tenant," modified, on the law and the facts, to the extent of deleting the third decretal paragraph thereof and substituting a decretal paragraph directing that "the lease shall commence as of December 1, 1977, and be prospective for the full three-year lease term," and as so modified, affirmed, without costs and without disbursements. Order of said court entered on December 21, 1981, which denied respondent-appellant's motion to resettle the judgment entered June 22, 1981 on the ground that it was inconsistent with Special Term's memorandum decision, is reversed, on the law, without costs and without disbursements, and the motion is granted to the extent of the modification above indicated. Petitioner, a tenant in a rent-stabilized apartment, was served with a notice to cease certain alleged violations of the lease. Subsequently, the landlord served a notice of termination of tenancy and commenced a holdover proceeding which was dismissed with a direction that the landlord offer petitioner a new three-year lease, effective May 1, 1977. The landlord appealed and the tenant filed a complaint with respondent Conciliation and Appeals Board. In an endeavor to settle the dispute, the landlord in December, 1977, tendered a renewal lease commencing as of March 1, 1977. The lease was rejected. Subsequently, the respondent issued an order which found that the tenant's occupancy was pursuant to a deemed three-year lease commencing May 1, 1977. Petitioner tenant commenced the instant article 78 proceeding. The respondent found that the landlord's failure to tender a lease was not due to an intent to evade the provisions of the Rent Stabilization Law. Special Term viewed the landlord's activities as an attempt to harass the tenant and decided in its memorandum decision that the petitioner was entitled to a lease commencing December 1, 1977. However, the judgment entered pursuant to such decision provided that the lease shall commence on the date a fully executed copy thereof is served upon the tenant. The judgment must be modified to direct that the three-year lease commence as of December 1, 1977. At this point in time the equities between the parties are such that neither side should be favored. Unmodified, the judgment gives the tenant an unwarranted windfall and is not consistent with the memorandum decision. Since respondent's motion to resettle does not seek to modify the substantive or decretal portion of the judgment so as to obtain a ruling not adjudicated on the original application or to modify the decision which has been made, but is being used because the judgment improperly reflects the decision, an appeal lies from its denial (see *Bergin v Anderson*, 216 App Div 844; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25). Accordingly, we reverse the denial of respondent's motion to resettle and grant the motion to the extent above indicated, to wit, that the lease shall commence as of December 1, 1977 as set forth in Special Term's memorandum decision dated May 18, 1981. Concur — Lupiano, Bloom, Fein and Milonas, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The renewal lease which, pursuant to section 60 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., was finally offered by the landlady was not in accord with the requirement that it be on the same conditions as the expiring lease. Therefore, the new lease to be tendered should be for a term commencing when it is executed. (See *Matter of Briar Hill Apts. v Conciliation & Appeals Bd.*, 44 AD2d 816.) The court at Special Term recognized this fact and in its order (judgment) entered on June 22, 1981 provided "that such lease shall commence on the date a fully executed copy thereof is served upon the tenant and be prospective for the full three-year term". I would affirm.