■ RICHARD BULLION et al., Plaintiffs, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants and Fourth-Party Plaintiffs-Appellants, et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants, et al., Second Third-Party Plaintiffs, et al., Second Third-Party Defendants. JOPEL CONSTRUCTION AND TRUCKING CO., INC., Fourth-Party Defendant-Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on or about May 26, 1989, which denied the motion brought by three defendants to resettle the judgment in this action to reflect that said defendants had settled the main action, and to recite that said defendants and each of them had moved for indemnification from third-party defendant Schiavone Construction Co., Inc., and that said motion had been denied, unanimously reversed, to the extent appealed from, on the law and the facts, and the motion is granted, with costs.

We begin by noting that an order such as this one on appeal denying a motion to resettle which does not modify any "substantive or decretal portion of the judgment" is appealable (Matter of Lewin v New York City Conciliation & Appeals Bd., 88 AD2d 516, affd 57 NY2d 760).

Plaintiff was injured in an accident during construction of a subway tunnel. Named as defendants, among others, were the City of New York, the Metropolitan Transportation Authority, and the New York City Transit Authority (hereinafter the Authorities). The Authorities brought a third-party action against Schiavone Construction Co., Inc. (Schiavone) and two other third-party defendants alleging causes of action for contractual and common-law indemnity. By a stipulation spread upon the record, prior to submission of the case to the jury, the main action was settled by the Authorities jointly and severally on April 7, 1988, as is shown by the following extract from the record: "In addition the defendant [sic]

*Transit Authority, M T A and City of New York* will pay a lump sum payment of 2,278,000 dollars." (Emphasis added.)

A subsequent written motion for judgment by the Authorities, as third-party plaintiffs, against Schiavone, as third-party defendant, was denied by the trial court on the ground that there had been no determination of negligence on the part of Schiavone.

A judgment was entered on December 22, 1988, presumably to effectuate the foregoing, from which a separate appeal is pending before us. The original form of this judgment incorrectly named the Authorities as third-party plaintiffs against Jopel Construction and Trucking Co., Inc. (Jopel). (In fact this fourth-party action had been dismissed by the court during trial.) Additionally, the judgment erroneously recited that only Metropolitan Transportation Authority (MTA) had settled the action, and that only this sole defendant had moved for, and had been denied, indemnity from Schiavone.

The Authorities moved to resettle the judgment to correct these errors. The court granted the motion only to the extent of permitting resettlement so as to correctly designate Jopel as fourth-party defendant.

The Authorities now appeal, properly contending that the settlement of the main action was made by and on behalf of all, and that the motion for judgment on the indemnification claim was similarly made by and on behalf of all. Only Jopel, the fourth-party defendant, captiously opposes this relief.

As the opening paragraph of the court's own order denying the motion states, the Authorities, and not MTA alone, moved "for an order directing the entry of judgment in *their* favor as against third-party defendant, Schiavone". (Emphasis added.) And, as we have seen, the record reflects that the action was also settled on behalf of the Authorities jointly and severally.

Manifestly, the Authorities are entitled to the entry of a resettled judgment which is in conformity with the record. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.