■ Jo-Ann Weber, Appellant, v Sekapi, Inc., Doing Business as Tradewinds Restaurant, Respondent. [666 NYS2d 965] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 13, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant has met its initial burden of coming forward with admissible evidence reciting the material facts and showing that the cause of action has no merit (*see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). However, in response the plaintiff has not met her burden of demonstrating, by admissible evidence, that there exists a factual issue requiring a trial of the action and has not presented an acceptable excuse for her failure to do so (*see, Zuckerman v City of New York,* 49 NY2d 557).

To establish a prima facie case of negligence in a "slip-and-fall" case, a plaintiff must demonstrate that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition (*see, Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281; *Kaplan v Waldbaum's Inc.,* 231 AD2d 680). Contrary to the plaintiff's contention, there is no evidence in the record suggesting that the defendant created the allegedly dangerous condition. Furthermore, the plaintiff did not prove that the defendant had actual or constructive notice of the condition. The evidence was too speculative to establish that the defect was in existence for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *see also, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835; *Batiancela v Staten Is. Mall,* 189 AD2d 743; *Pirillo v Longwood Assocs.,* 179 AD2d 744). Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.