■ CARLTON SELLET, Respondent, v UNITED ARTISTS THEATERS, INC., et al., Appellants. [674 NYS2d 426] —In an action to recover damages for personal injuries, the defendant United Artists Theaters, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated May 21, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Russ Fragala Landscaping Contracting Corp. separately appeals, as limited by its brief, from so much of the same order as denied its application for summary judgment.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and application for summary judgment are granted, and the complaint is dismissed.

The plaintiff was allegedly injured on the morning of March 9, 1994, when he fell on a patch of "black ice" in the parking lot of a movie theater owned by the defendant United Artists

Theaters, Inc. (hereinafter United Artists), in East Meadow. United Artists met its initial burden of showing that it neither created the condition complained of, nor had actual or constructive knowledge thereof. The plaintiff failed to sustain his burden of showing the existence of a triable factual issue. The evidence in the record was too speculative to establish that the defect was in existence for a sufficient length of time before the accident to permit the employees of United Artists to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Weber v Sekapi, Inc.*, 246 AD2d 644; *cf., Nikolic v Valley Stream Cent. High School Dist.*, 240 AD2d 551).

Moreover, the defendant Russ Fragala Landscaping Contracting Corp. (hereinafter Fragala) was entitled to summary judgment dismissing the action as against it since it did not assume a duty of reasonable care to the plaintiff by virtue of its snow-removal contract with United Artists (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226). Fragala's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the duty of United Artists, as a landowner, to maintain the property (*see, Keshavarz v Murphy*, 242 AD2d 680). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.