■ KAREN MARASIA, Appellant, v NOYL CORAM, INC., et al., Defendants, EAST ISLIP CENTRE CORP., Defendant and Third-Party Plaintiff, and LONG ISLAND CONSORTIUM, INC., Respondent. L.J.S., INC., Third-Party Defendant. [688 NYS2d 671] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by letter of her counsel, from so much of (1) a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered December 5, 1997, as, upon the granting of the motion of the defendant Long Island Consortium, Inc., made at the close of its case, to dismiss the action for failure to prove a prima facie case, dismissed the complaint insofar as asserted against that defendant, and (2) a judgment of the same court dated December 19, 1997, which also dismissed the complaint against that defendant.

Ordered that the judgment entered December 19, 1997, is reversed and vacated; and it is further,

Ordered that the judgment dated December 5, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Long Island Consortium, Inc., is awarded one bill of costs.

The judgment dated December 19, 1997, must be reversed and vacated as without a severance there can be only one judgment entered in a civil action (*see,* CPLR 5012; *Kriser v Rodgers,* 195 App Div 394, 395), and the prior judgment dated December 5, 1997, is in favor of the defendant and against the plaintiff.

The plaintiff was injured when she allegedly slipped and fell on ice on a ramp in the parking lot of a shopping mall where a store owned by the respondent Long Island Consortium, Inc. (hereinafter the respondent), was located. To establish a prima facie case of negligence against the respondent, the plaintiff had to show that the respondent either created the hazardous condition or had actual or constructive notice of it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *DeChirico v Church of St. Clare,* 241 AD2d 536). The plaintiff failed to do so, and the complaint was properly dismissed

insofar as asserted against the respondent (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Gonzalez v Pathmark Stores,* 251 AD2d 627; *Davis v City of New York,* 255 AD2d 356; *Robles v City of New York,* 255 AD2d 305).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.