■ RONALD BENNETT et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent, RYDER TRUCK RENTAL, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. PETER M. GAMBLE, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [692 NYS2d 144] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated April 15, 1998, which, upon an order of the same court dated March 17, 1998, granting the separate motions of the defendant Long Island Lighting Company and the third-party defendant Peter Gamble, dismissed the complaint and all cross claims insofar as asserted against the defendant Long Island Lighting Company and dismissed the third-party complaint, and (2) a judgment of the same court, dated May 11, 1998, which dismissed the third-party complaint, and the plaintiff separately appeals, as limited by its brief, from so much of the judgment dated April 15, 1998, as dismissed the complaint insofar as asserted against the defendant Long Island Lighting Company, and dismissed the third-party complaint.

Ordered that the appeals by the third-party defendant from so much of the judgment dated April 15, 1998, as dismissed

the complaint insofar as asserted against the defendant Long Island Lighting Company, and the appeal by the plaintiff from so much of the judgment dated April 15, 1998, as dismissed the third-party complaint are dismissed, as they are not aggrieved by those portions of that judgment; and it is further,

Ordered that the judgment dated May 11, 1998, is reversed and vacated; and it is further,

Ordered that the judgment dated April 15, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The judgment dated May 11, 1998, must be reversed and vacated, as without a severance there can be only one judgment entered in a civil action (*see,* CPLR 5012; *Kriser v Rodgers,* 195 App Div 394, 395), and the prior judgment dated April 15, 1998, is in favor of the defendant Long Island Lighting Company and the third-party defendant Peter M. Gamble and against the plaintiff and the defendant third-party plaintiffs.

The third-party defendant, Peter Gamble, backed his vehicle into a pole owned and maintained by the defendant Long Island Lighting Company (hereinafter LILCO) causing the wire attached to the pole to hang above an adjacent roadway. The defendant third-party plaintiff Jessie Williams, an employee of the defendant third-party plaintiff Windowrama of the Five Boroughs, Inc. (hereinafter Windowrama), drove his vehicle, owned by the defendant third-party plaintiff Ryder Truck Rental, Inc. (hereinafter Ryder), into the hanging wires causing the pole to fly up and hit the plaintiff Mark Bennett, injuring him.

The plaintiffs commenced the instant action against, among others, LILCO, Ryder, Williams, and Windowrama. Ryder, Williams, and Windowrama commenced a third-party action against, *inter alia,* Peter Gamble, and LILCO cross claimed against Gamble.

Contrary to the contentions of the plaintiffs and the defendants third-party plaintiffs, the Supreme Court properly granted summary judgment to LILCO dismissing the complaint and all cross claims insofar as asserted against it, and to Gamble dismissing the third-party complaint. The record reflects that the allegedly negligent actions of LILCO and Gamble were not a proximate cause of the plaintiff Mark Bennett's injuries (*see, Sheehan v City of New York,* 40 NY2d 496; *Margolin v Friedman,* 43 NY2d 982; *Rivera v City of New York,* 11 NY2d 856; *Gleason v Reynolds Leasing Corp.,* 227 AD2d 375), and that the allegedly negligent action of Williams would

be a superseding cause breaking any causal link between the actions of LILCO and Gamble and the harm to the plaintiffs (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.