■ GUISELLA RODRIGUEZ et al., Appellants, v NOTRE DAME ACADEMY OF STATEN ISLAND, Defendant and Third-Party Plaintiff-Respondent. VAN ALPEN BROTHERS, INCORPORATED, Third-Party Defendant-Respondent. [712 NYS2d 371] —In an action to recover damages for personal injuries, etc., the plaintiffs

appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated September 8, 1999, which granted the separate motions of the defendant and third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

It is well settled that in order to impose liability on an owner of real property when a plaintiff slips and falls on a patch of ice, a plaintiff must demonstrate either that the owner created the dangerous condition or had actual or constructive notice of its existence (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Marasia v Noyl Coram, Inc.*, 260 AD2d 607; *Davis v City of New York*, 255 AD2d 356; *Sellet v United Artists Theaters*, 251 AD2d 488). Here, there was nothing in the record to indicate that the defendant had actual or constructive notice of the existence of the ice on which the plaintiff slipped and fell or that the defendant had created the icy condition. Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint and third-party complaint (*see, Kimmel v Ground Round*, 272 AD2d 449). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.