■ PATRICK CARTER, Appellant, v NATIONAL AMUSEMENTS, INC., Doing Business as COMMACK CINEMAS, Defendant and Third-Party Plaintiff-Respondent. BRUNJES BLACKTOP, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [731 NYS2d 756] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 22, 2000, as granted the defendant's motion and that branch of the separate motion of the third-party defendant Brunjes Blacktop, Inc., which were for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

To impose liability on an owner of real property for injuries caused by a slip and fall on a patch of ice, a plaintiff must demonstrate that the owner either created the dangerous condition or had actual or constructive notice of its existence (see, Gordon v American Museum of Natural History, 67 NY2d 836; Marasia v Noyl Coram, Inc., 260 AD2d 607). Here, there was nothing in the record to indicate that the defendant had actual or constructive notice of the existence of the patch of ice on which the plaintiff allegedly slipped and fell, or that the defendant had created the icy condition. Accordingly, the Supreme Court properly granted the defendant's motion and that branch of the separate motion of the third-party defendant Brunjes Blacktop, Inc., which were for summary judgment dismissing the complaint (see, Simmons v Metropolitan Life Ins. Co., 84

NY2d 972; *Rodriguez v Notre Dame Academy,* 274 AD2d 509; *Kimmel v Ground Round,* 272 AD2d 449; *Herbst v Nevele Country Club,* 251 AD2d 864). Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.