■ KEVIN STEVENSON et al., Plaintiffs, v STEVEN LAZZARI et al., Respondents, and TIMOTHY MONAHAN et al., Appellants. [777 NYS2d 196]—

In an action to recover damages for personal injuries, etc., the defendants Timothy Monahan and Primo Collision appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated January 14, 2004, which denied their motion to amend and/or resettle a judgment of the same court entered August 13, 2003, to reflect that all of the claims against the defendants Steven Lazzari and Mendon Leasing Corporation had been dismissed by order of the same court dated May 5, 2003.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the judgment entered August 13, 2003, is resettled by adding thereto a provision dismissing all claims asserted against the defendants Steven Lazzari and Mendon Leasing Corporation pursuant to the order dated May 5, 2003.

The plaintiffs, Kevin Stevenson and Marjorie Stevenson, com-

menced this action to recover damages for personal injuries sustained by Kevin Stevenson in an automobile accident, and Marjorie Stevenson's resultant loss of services, against the respondents, Steven Lazzari and Mendon Leasing Corporation, and the appellants, Timothy Monahan and Primo Collision. After jury selection, the respondents successfully moved to have all the claims in the action dismissed insofar as asserted against them, including the appellants' cross claim for contribution and indemnification asserted against them. This disposition was embodied in an order dated May 5, 2003.

The plaintiffs' action against the appellants went to trial, and resulted in a jury verdict in favor of the plaintiffs and against the appellants, which was reduced to a judgment entered August 13, 2003. After the appellants filed a notice of appeal from the judgment, the respondents moved to dismiss the appeal insofar as purportedly taken against them on the ground that they were not proper parties to the appeal, since all claims against them in the action had been dismissed by the order dated May 5, 2003, and they were not named in the judgment on appeal. This Court granted the motion, "without prejudice to the appellants moving in the Supreme Court, Kings County, to amend or resettle the judgment." The appellants made the motion, which was denied by the Supreme Court. This appeal ensued.

We reject the respondents' contention that the appeal should be dismissed since no appeal lies from an order denying resettlement. Since the appellants' motion to resettle the judgment merely sought to add language to the judgment to reflect the undisputed fact that all claims against the respondents had been dismissed, the denial of the motion is appealable (*see Bullion v Metropolitan Transp. Auth.*, 161 AD2d 168 [1990]; *Matter of Lewin v New York City Conciliation & Appeals Bd.*, 88 AD2d 516 [1982], *affd* 57 NY2d 760 [1982]; 4 NY Jur 2d, Appellate Review § 57).

The motion to resettle the judgment should have been granted. Although the order dated May 5, 2003, granted a motion to dismiss all of the claims asserted against the respondents, it did not expressly sever those claims from the remainder of the action, as was required for the respondents to enter a separate judgment in their favor (*see* CPLR 5012). "[W]ithout a severance there can be only one judgment entered in a civil action" (*Bennett v Long Is. Light. Co.*, 262 AD2d 437, 438 [1999]; *see Marasia v Noyl Coram, Inc.*, 260 AD2d 607 [1999]; *Johnson v Suffolk County Police Dept.*, 260 AD2d 441, 442 [1999]).

Therefore, since the dismissal of the claims insofar as asserted against the respondents in the order dated May 5, 2003,

was not reduced to a judgment, the appellants are correct that the final judgment in the action should have embodied the determination of the claims against the respondents. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.