■ KEVIN STEVENSON et al., Plaintiffs, v STEVEN LAZZARI et al., Respondents, and TIMOTHY MONAHAN et al., Appellants. [793 NYS2d 428]—

Motion by the appellants, in effect, to clarify a decision and order of this Court dated May 17, 2004 [7 AD3d 693], which determined an appeal from an order of the Supreme Court, Kings County, dated January 14, 2004.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted, the decision and order dated May 17, 2004, in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the defendants Timothy Monahan and Primo Collision appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated January 14, 2004, which denied their motion to amend and/or resettle a judgment of the same court entered August 13, 2003, to reflect that all of the claims against the defendants Steven Lazzari and Mendon Leasing Corporation were dismissed by order of the same court dated May 5, 2003.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment containing an additional provision dismissing all claims asserted against the defendants Steven Lazzari and Mendon Leasing Corporation pursuant to the order dated May 5, 2003.

The plaintiffs, Kevin Stevenson and Marjorie Stevenson, commenced this action to recover damages for personal injuries sustained by Kevin Stevenson in an automobile accident, and Marjorie Stevenson's resultant loss of services, against the respondents, Steven Lazzari and Mendon Leasing Corporation, and the appellants, Timothy Monahan and Primo Collision. After jury selection, the respondents successfully moved to have all the claims in the action dismissed insofar as asserted against them, including the appellants' cross claim for contribution and indemnification asserted against them. This disposition was embodied in an order dated May 5, 2003.

The plaintiffs' action against the appellants went to trial, and resulted in a jury verdict in favor of the plaintiffs and against the appellants, which was reduced to a judgment entered August 13, 2003. After the appellants filed a notice of appeal from the judgment, the respondents moved to dismiss the appeal insofar as purportedly taken against them on the ground that they were not proper parties to the appeal, since all claims against them in the action had been dismissed by the order dated May

5, 2003, and they were not named in the judgment on appeal. This Court granted the motion, "without prejudice to the appellants moving in the Supreme Court, Kings County, to amend or resettle the judgment." The appellants made the motion, which was denied by the Supreme Court. This appeal ensued.

We reject the respondents' contention that the appeal should be dismissed since no appeal lies from an order denying resettlement. Since the appellants' motion merely sought to amend the judgment by adding language to reflect the undisputed fact that all claims against the respondents had been dismissed, the denial of the motion is appealable (*cf. Bullion v Metropolitan Transp. Auth.*, 161 AD2d 168 [1990]; *Matter of Lewin v New York City Conciliation & Appeals Bd.*, 88 AD2d 516 [1982], *affd* 57 NY2d 760 [1982]; 4 NY Jur 2d, Appellate Review § 57).

The appellants' motion should have been granted. Although the order dated May 5, 2003, granted a motion to dismiss all of the claims asserted against the respondents, it did not expressly sever those claims from the remainder of the action, as was required for the respondents to enter a separate judgment in their favor (*see* CPLR 5012). "[W]ithout a severance there can be only one judgment entered in a civil action" (*Bennett v Long Is. Light. Co.*, 262 AD2d 437, 438 [1999]; *see Marasia v Noyl Coram, Inc.*, 260 AD2d 607 [1999]; *Johnson v Suffolk County Police Dept.*, 260 AD2d 441, 442 [1999]).

Therefore, since the dismissal of the claims insofar as asserted against the respondents in the order dated May 5, 2003, was not reduced to a judgment, the appellants are correct that the final judgment in the action should have embodied the determination of the claims against the respondents. S. Miller, J.P., Luciano, Crane and Spolzino, JJ., concur.