■ DARREN TROJCAK, Appellant, v JAVCON MACHINE, INC., Defendant and Third-Party Plaintiff-Respondent. VALIANT MILLWRIGHTING AND WAREHOUSING, INC., Third-Party Defendant. [795 NYS2d 345]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk

County (Loughlin, J.), dated December 31, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs to the respondent.

It is well settled that evidence of negligence is not enough by itself to establish liability. It must also be proven that the negligence was a cause of the event which produced the harm sustained by the plaintiff (*see Albano v Brooklyn Union Gas Co.*, 288 AD2d 246 [2001]). While the fact that a defendant did not foresee the precise manner in which the accident occurred will not excuse liability (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]), if, with the benefit of hindsight, it appears highly extraordinary that the defendant's act should have brought about the harm, the act will not be considered a proximate cause (*see Mack v Altmans Stage Light. Co.*, 98 AD2d 468 [1984]).

Here, the court properly determined that the defendant met its burden of proving that any negligence on its part was not a proximate cause of the plaintiff's injuries, and the plaintiff failed to raise a triable issue of fact in opposition (*see generally Bennett v Long Is. Light. Co.*, 262 AD2d 437 [1999]; *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375 [1996], *lv denied* 89 NY2d 802 [1996]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.