■ GLENN MARR, Appellants, v SEVENTH DAY ADVENTIST CHURCH, Respondent. [815 NYS2d 715]——

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Dollard, J.), dated October 21, 2004, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated February 18, 2005, as, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated October 21, 2004 is dismissed, as that order was superseded by the order dated February 18, 2005, made upon reargument and renewal; and it is further,

Ordered that the order dated February 18, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On November 14, 1998 a fire broke out at the defendant Seventh Day Adventist Church in Queens (hereinafter the church). At that time the property was being patrolled by the injured plaintiff, Glenn Marr, who was a deacon at the church. While investigating the fire, Marr, who was predisposed to coronary problems, inhaled smoke and collapsed. Marr was then transported to a hospital where he was diagnosed with "aortic dissection" and underwent cardiothoracic surgery. According to the deposition testimony of an ordained elder of the church who witnessed the fire, the fire department later determined that the fire began in the basement where the day care area was located, and that its origin was suspicious. The fire marshal opined that the fire was set by someone who climbed through a window.

The plaintiffs commenced this action alleging that the church was negligent in failing to provide adequate security for its facility. The church moved for summary judgment arguing that the sole cause of the fire was the intervening criminal act of a third party. The Supreme Court granted the motion, concluding, in part, that the "record in this case does not permit the fact finder to reasonably infer that the defendant church's alleged failure to take proper security measures was a proximate cause of the plaintiff's coronary problems." The court also noted that the plaintiffs had not produced evidence, "such as an affidavit from a medical expert," showing that Marr's injury was proximately caused by the events which transpired on the day of the fire.

Thereafter, the plaintiffs moved for leave to renew and reargue. In support of their motion, the plaintiffs submitted, inter alia, an affirmation and letter from Marr's treating physician in which he stated that Marr had a genetic defect predisposing him to a dissection, and that Marr was under "rigid blood pressure control" and needed to limit his exposure to physical and mental stress at all times. The physician concluded that the fire was "a causative factor in his aortic dissection on that date." The court granted the motion for leave to reargue and renew, but adhered to its original determination. We affirm.

In the recent case, *Maheshwari v City of New York* (2 NY3d 288, 294 [2004]), the Court of Appeals stated as follows: "We have long held that 'New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition' (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). Although landlords . . . have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties, they are not the insurers of a visitor's safety (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 292-293 [1993], *rearg denied* 82 NY2d 749 [1993]; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). As we have noted, however, foreseeability and duty are not identical concepts. Foreseeability merely determines the scope of the duty once the duty is determined to exist (*see Pulka v Edelman*, 40 NY2d 781, 785 [1976]). In cases arising out of injuries sustained on another's property, the scope of the possessor's duty is defined by past experience and the 'likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor' (*Nallan*, 50 NY2d at 519, quoting Restatement [Second] of Torts § 344, Comment *f*)."

Here, the fire was not a foreseeable result of any security breach by the church. Although the record discloses that there had been prior acts of minor vandalism on the church's property, such acts did not give the church notice that someone would commit arson (*see Maheshwari v City of New York, supra; Novikova v Greenbriar Owners Corp.*, 258 AD2d 149 [1999]). Furthermore, the record does not disclose that the church's security measures were inadequate. In fact, the very reason for Marr's presence on the day of the fire was to patrol the property to ensure that it was secure from unwanted persons.

Accordingly, the Supreme Court properly granted the church's motion for summary judgment (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Trojcak v Javcon Mach., Inc.*, 18 AD3d 740 [2005]).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.