OPINION OF THE COURT
Memorandum.
Ordered that the order entered January 10, 2013 is reversed, without costs, and the branch of defendant’s motion seeking to resettle the order entered September 15, 2010 so as to delete the notation on that order stating that it was made on “consent” and is “not appealable” is granted; and it is further ordered that, on the court’s own motion, the decision and order on motion of this court dated May 1, 2012 (see 2012 NY Slip Op 72730[U] [2012]), which dismissed the appeal from the order of the Civil Court entered September 15, 2010, is recalled and vacated, and that appeal is reinstated under appeal No. 2011-192 K C; and it is further ordered that appeal No. 2011-192 K C shall be perfected within 30 days of the date of this decision and order; and it is further ordered that in the event that appeal is not perfected within 30 days of the date of this decision and order, the court, on its own motion, may dismiss the appeal, or respondent may move to dismiss the appeal on three days’ notice, and may serve such application in person; and it is further ordered that respondent, if it be so advised, may serve and file a respondent’s brief within 21 days of the date that the appellant’s brief is due to be filed pursuant to this decision and order, and appellant, if it be so advised, may serve and file a reply brief within 14 days of the date that the respondent’s brief is due to be filed pursuant to this decision and order.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court, entered January 10, 2013, denying defendant’s motion to resettle so much of a prior order of the same court, entered September 15, 2010, which had decided a motion and cross mo *14 tion for summary judgment, so as to delete a notation on that order stating that the order was made on “consent” and is “not appealable,” or for alternative relief.
At the outset, we note that, contrary to plaintiff’s argument on appeal, so much of the January 10, 2013 order as denied resettlement is appealable, as defendant did not seek to change the substantive or decretal portions of the September 15, 2010 order, but rather to, in essence, correct a factual recitation of that order (see Matter of Lewin v New York City Conciliation & Appeals Bd., 88 AD2d 516 [1982]; Bergin v Anderson, 216 App Div 844 [1926]; see also 4 NY Jur 2d, Appellate Review § 57; 10 Carmody-Wait 2d § 70:31).
In support of its motion, defendant submitted an affirmation from the attorney for defendant who had appeared on the return date of the motion and cross motion in question. That attorney attested that both he and plaintiff’s attorney had “vigorously argued” the motion and cross motion that day, and explicitly denied that the order had been made on consent. Defendant also submitted a copy of the September 15, 2010 order, apparently handed to the parties on September 15, 2010, the return date, which does not contain the “consent/not appeal-able” notation. Defendant further noted that all copies of the September 15, 2010 order state that it was made after oral argument. Plaintiff submitted no opposition to defendant’s motion, and, on appeal, does not dispute defendant’s factual assertions.
As defendant’s affirmed claim — that the September 15, 2010 order was not made on consent — was made on personal knowledge and was not contradicted, we find that the court should have granted the branch of defendant’s motion seeking to resettle the order so as to delete the “consent” and “not ap-pealable” notation.
Accordingly, the order entered January 10, 2013 is reversed and the branch of defendant’s motion seeking to resettle the prior order entered September 15, 2010 so as to delete the notation on that order stating that it was made on “consent” and is “not appealable” is granted. In view of the foregoing, the decision and order on motion of this court dated May 1, 2012, which dismissed defendant’s appeal from the Civil Court’s September 15, 2010 order on the ground that no appeal lies from an order entered on consent, is recalled and vacated, and that appeal is reinstated.
Pesce, P.J., Weston and Aliotta, JJ., concur.