■ CHARLES E. CARNEY, JR., as Executor of the Estate of JANET CARNEY, Deceased, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL, Respondent. [63 NYS3d 251]—In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff

appeals from an order of the Supreme Court, Richmond County (Troia, J.), dated September 11, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 9, 2012, the plaintiff's decedent, a podiatric surgeon, arrived at Staten Island University Hospital (hereinafter SIUH) to perform surgery. The decedent parked in the physicians' parking lot of SIUH at 6:52 a.m. The decedent was found in her vehicle sometime after 6:00 p.m. that evening, and was pronounced dead at 6:28 p.m. An autopsy revealed that her death was due to natural causes.

The plaintiff, the decedent's brother and executor of her estate, commenced this action alleging that SIUH had negligently created a dangerous condition on its property and was negligent in failing to provide adequate security measures to protect persons on its premises. After discovery, SIUH moved for summary judgment dismissing the complaint, contending that it provided adequate security, the decedent's death was not foreseeable, and its conduct was not the proximate cause of the decedent's death. The Supreme Court granted SIUH's motion, and the plaintiff appeals.

SIUH met its prima facie burden for summary judgment dismissing the complaint by establishing, as a matter of law, that it did not breach a duty of care owed to the decedent (*see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]; *Marr v Seventh Day Adventist Church*, 29 AD3d 959, 959 [2006]; *cf. D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 849 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted SIUH's motion for summary judgment dismissing the complaint. Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.