In the Matter of the Accounting of CHASE MANHATTAN BANK, N. A., as Surviving Trustee of the Trust under the Will of JAMES B. TAILER, Deceased. CHASE MANHATTAN BANK, N. A., Respondent; LESLIE C. LARSON, Ancillary Administratrix, C. T. A., of the Estate of LESLIE DOVERDALE, Deceased, Appellant.—Decree of the Surrogate's Court, New York County, entered on October 12, 1973, so far as appealed from, unanimously affirmed on the opinion of Midonick, S. Petitioner-respondent and respondent-appellant, appearing separately and filing separate briefs, shall each recover $60 costs and disbursements of this appeal, payable out of the estate. No opinion. Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Lynch, JJ.

In the Matter of BRIAR HILL APARTMENTS, INC., Respondent, v. CONCILIATION AND APPEALS BOARD, Respondent, and ZELDA SCHIFFMAN et al., Intervenors, Appellants.—Judgment, Supreme Court, Bronx County, entered July 9, 1973, unanimously reversed, on the law, and determination of Conciliation and Appeals Board in all respects confirmed, and the petition dismissed, without costs and without disbursements. In an article 78 proceeding the issue before the court was whether the action of the respondent directing that a renewal lease entered into between the landlord and tenants be prospective only was arbitrary or capricious. Respondent found that petitioner-landlord did not comply with section 60 of the Rent Stabilization Code in that it did not tender a lease which contained all of the required provisions of the expiring lease and that the tender was not timely. Ample evidence supports that finding. Respondent ruled that the conforming lease eventually tendered by petitioner should be for a term commencing when the new lease was to be executed rather than when the former lease expired. This ruling conforms with a large number of determinations of respondent in similar situations. Here it is quite clear that the hiatus between leases was largely brought about by petitioner's desire to circumvent the regulations and evict the tenants. Accordingly, the ruling cannot be found to be arbitrary. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Capozzoli, JJ.

In the Matter of ROBERT S. BUTTLES, an Attorney.—Motion granted only to the extent of extending the effective date of the order of suspension to June 20, 1974. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.