■  In the Matter of WELLINGTON ESTATES, LTD., Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant. — Order of the Supreme Court, New York County (Evans, J.), entered August 2, 1983, which granted petitioner-respondent (landlord) Wellington Estates, Ltd.'s CPLR article 78 petition, which annulled a Conciliation and Appeals Board (CAB) order to the extent that the CAB order directed the landlord to tender a renewal lease to a rent-stabilized tenant, the lease to run prospectively, is unanimously reversed, without costs, on the law, the petition is dismissed and the CAB order is reinstated.

The tenant took occupancy of a rent-stabilized apartment in 1977, on a three-year lease. The tenant was offered the right to renew in December 1979, which he promptly exercised, signing the forms sent by the landlord. After the landlord received the tenant's signed forms, the landlord alleged that he discovered that the tenant had made alterations to the apartment. The tenant denied making any alterations, but was never sent the renewal lease. The tenant commenced actions in the Supreme Court and before the CAB. The tenant was granted a *Yellowstone* injunction and the parties stipulated that the Supreme Court action would await a CAB decision.

The CAB, finding no breach by the tenant, ordered the landlord to renew the tenant's lease, the term to run prospectively. The landlord commenced this article 78 action, claiming the CAB order was arbitrary and capricious, but only to the extent that it required the landlord to offer a renewal lease that runs prospectively. This petitioner was granted, the court stating that the 1980 lease, unexecuted by the landlord, was valid and that it ran from June 1980 to May 31, 1983.

*Matter of East 56th Plaza v New York City Conciliation & Appeals Bd.* (56 NY2d 544) is inapposite. In the instant case, as in *East 56th Plaza,* the landlord did not execute the lease. However, *East 56th Plaza* dealt only with the question of whether a second lease, with a cancellation clause, was effective. In the case at bar, the landlord actively disputed the existence of a renewal lease, stating in its answer that the lease had been terminated for failure to cure the alleged breach. That made the tenant a month-to-month tenant, subject to eviction as a holdover. Therefore, the finding that the tenant had a renewal lease is erroneous.

The CAB is empowered to order that a lease take effect prospectively. (*Matter of Sommer v New York City Conciliation & Appeals Bd.*, 93 AD2d 481, *affd* 61 NY2d 973; *Matter of Briar Hill Apts. v Conciliation & Appeals Bd.*, 44 AD2d 816.) Inasmuch as the CAB order was neither arbitrary nor capricious (*Fresh Meadows Assoc. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003, *affd* 55 AD2d 559, *affd* 42 NY2d 925), the order should have been confirmed. Therefore, the order/judgment should be reversed, the petitioner dismissed and the CAB determination reinstated. Concur — Kupferman, J. P., Sullivan, Ross and Carro, JJ.