■ In the Matter of JULIANE WELKER, Respondent-Appellant, v YVONNE SCRUGGS-LEFTWICH, as Commissioner of the Division of Housing and Community Renewal, Office of Rent Administration, Appellant-Respondent, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal, dated July 26, 1985, which directed the petitioner owner to refund a rent overcharge to the respondent tenants and to offer them a renewal lease, (1) the Commissioner appeals from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), dated December 15, 1986, as vacated that portion of her determination which had precluded the owner from denying the tenants a renewal lease pursuant to former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B), and (2) the owner cross-appeals from so much of the same judgment as confirmed that branch of the Commission-

er's determination which directed her to offer the tenants a renewal lease, subject to the owner's option pursuant to former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B).

Ordered that the judgment is modified, on the law, by deleting the provision thereof vacating the first decretal paragraph which had precluded the owner from invoking her right under former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B); as so modified, the judgment is affirmed, without costs or disbursements, the Commissioner's determination is confirmed in its entirety, and the proceeding is dismissed in its entirety.

The tenants commenced a proceeding in August 1981 before the New York City Conciliation and Appeals Board (hereinafter CAB) alleging, *inter alia,* that the owner had refused to offer them a lease. The owner had purchased the apartment building in 1970. The tenants had resided in the subject apartment since 1964 without a written lease. In December 1984 after assuming the responsibilities of the CAB, the State Division of Housing and Community Renewal (hereinafter DHCR) issued its decision which found that the apartment was subject to the Rent Stabilization Law of 1969 and directed the owner to offer the tenants a prospective renewal lease pursuant to the provisions of the former Code of the Rent Stabilization Association of New York City, Inc. then in effect. The owner filed an administrative appeal, and the Commissioner upheld the agency's determination that the tenants were entitled to a renewal lease. The owner sought review of that determination in the instant proceeding, contending that the portion of the Commissioner's decision that directed her to offer a prospective renewal lease precluded her from exercising the right under former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B) to refuse to renew the lease and recover possession of the apartment for the use of her immediate family. The Supreme Court agreed, finding that the owner should be permitted to pursue her rights under former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B) prior to offering the tenants a renewal lease. We disagree and reinstate the Commissioner's determination.

We find that the Commissioner's decision requiring the owner to offer a prospective lease was not an abuse of discretion under the circumstances presented here *(see, e.g., Matter of Wellington Estates v New York City Conciliation & Appeals Bd.,* 108 AD2d 685, *affd* 65 NY2d 918; *Matter of Sommer v*

*New York City Conciliation & Appeals Bd.,* 116 AD2d 457; *Matter of Briar Hill Apts. v Conciliation & Appeals Bd.,* 44 AD2d 816; *but see, Matter of Sommer v New York City Conciliation & Appeals Bd.,* 93 AD2d 481, *affd* 61 NY2d 973). The Commissioner determined that the owner had continuously failed to offer a renewal lease as required by the Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-511 [c] [9]; former Code of the Rent Stabilization Association of New York City, Inc. §§ 50, 60 [the code in effect at the time of the Commissioner's decision was repealed and a new code promulgated in 1987]; *see,* Rent Stabilization Code [9 NYCRR] §§ 2523.5, 2524.1).

While there was an inordinate delay between the tenants' application to the CAB and the decision by its successor, the DHCR, the delay in the commencement of the renewal lease is equally attributable to the owner's failure to abide by the applicable law and regulations. The owner could have offered the renewal lease in 1981 or at any time during the pendency of the proceedings. Furthermore, there is a rational basis for the Commissioner's determination that the owner should not be permitted to refuse a renewal lease under former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B). By failing to offer any renewal leases over the years, the owner had circumvented another provision of the former code which provided that the refusal to renew on the ground he wanted the apartment for his immediate family be made known to the tenant at least 120 days in advance of the expiration date of the lease. Here, the owner did not notify the tenants of her intent to recover possession of the apartment for her family's use until after they had commenced the proceeding *(see, e.g., Crow v 83rd St. Assocs.,* 68 NY2d 796; *Golub v Frank,* 65 NY2d 900, *rearg denied* 65 NY2d 1054). The determination of the agency charged with administering these regulations should be upheld if it has a rational basis in the record *(see, Matter of Plaza Realty Investors & Queens Blvd. Props. Co. v New York City Conciliation & Appeals Bd.,* 111 AD2d 395; *cf., Matter of Fazio v Joy,* 58 NY2d 674). The court erred in vacating the portion of the Commissioner's determination that had prevented the owner from refusing to offer a renewal lease based on her rent stabilization application under former Code of the Rent Stabilization Association of New York City, Inc. § 54 (B).

The owner contends that the delay in this administrative proceeding, together with the determination that she must offer a prospective renewal lease, work an injustice by fore-

closing her from seeking to obtain the apartment for the use of her family at any time in the future. However, the provisions of the Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-511 [c] [9] [b]) and 1987 Rent Stabilization Code (9 NYCRR) § 2524.4 do not support this contention. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.