■ In the Matter of 24 FIFTH AVENUE ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 24 FIFTH AVENUE TENANTS ASSOCIATION et al., Intervenors-Respondents. [595 NYS2d 50] — Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered May 7, 1992, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application to annul respondent's determination, which, *inter alia,* allowed rent stabilization increases only for renewal leases that were actually executed, and included 15 additional complaining tenants among those who could benefit from a rent rollback, unanimously affirmed, without costs.

A rational basis exists for respondent's determination deeming 15 additional tenants as eligible for rent rollback benefits. These tenants, through counsel, had on August 4, 1981 unsuccessfully attempted to file complaints relating to petitioner's failure to provide customary hotel services. The unrebutted evidence at the hearing showed that the then Commissioner of the Conciliation and Appeals Board refused to process these additional complaints against petitioner in the belief that any rent rollbacks granted on the pending complaints would be applied building-wide. The Court of Appeals has determined that rent rollbacks and refunds were only authorized for individual complainants *(Matter of 24 Fifth Ave. Assocs. v New York State Div. of Hous. & Community Renewal,* 69 NY2d 808). Since these complaining tenants were wrongfully denied the opportunity to have their individual claims heard in 1981, respondent appropriately extended its order to encompass their claims.

Nor should that portion of respondent's order allowing rent stabilization increases only for renewal leases that were actually executed be disturbed. Under Rent Stabilization Code (9 NYCRR) § 2523.5 (a), an owner is required to offer a lease renewal at the legally regulated rent within the 150-to-120-day window period, prior to the expiration of lease, and a tenant is not obligated to execute a lease renewal at an unlawful rent. Where the landlord fails to comply, the courts have repeatedly upheld respondent's determination allowing the renewal lease increase to take effect only prospectively *(Matter of Sommer v New York City Conciliation & Appeals Bd.,* 116 AD2d 457, 459; *Matter of Wellington Estates v New York City Conciliation & Appeals Bd.,* 108 AD2d 685, *affd* 65 NY2d 918). Accordingly, because of its non-compliance with the 1984 Conciliation and Appeals Board order fixing the rent,

petitioner is not entitled to recover increases for those renewal leases never executed by the tenants. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.