OPINION OF THE COURT
Sheldon Halprin, J.
*478 Respondent moves for an order dismissing this holdover proceeding pursuant to CPLR 3211 (a) (1), (2) and (7) and CPLR 409 (b). Specifically respondent alleges that the petitioner accepted rent for August 2004, a period subsequent to the termination date and prior to the commencement of the proceeding.
The notice of nonrenewal based on the claim of nonprimary residence has a date of July 31, 2004 for expiration of the tenancy. The landlord, however, billed respondent for August 2004 rent in the sum of $1,419.22[1] which respondent Thomas Rowinski remitted via personal check on or about August 1, 2004. Petitioner admittedly accepted same on August 9, 2004 and deposited it.[2] The initial court date in this proceeding was August 25, 2004. On August 27, 2004, petitioner sent a letter by certified mail to respondent Thomas Rowinski dated August 26, 2004 advising him that the office had inadvertently forwarded a rent bill and subsequently accepted payment on August 9, 2004. Enclosed with the letter was a check from petitioner reimbursing respondent the $1,419.22. This letter was eventually returned to petitioner’s office by the United States Postal Service as unclaimed.
It is petitioner’s position that it did not knowingly and intentionally accept respondent’s check, as it utilizes a lockbox to receive rent. Petitioner argues that as it immediately returned the rent upon realization of its inadvertent error, no waiver has resulted and the notice of nonrenewal has not been vitiated.
Over the years courts have grappled with what constitutes an acceptance of rent, which waives a landlord’s right to maintain a proceeding, as opposed to when it is an inadvertent “acceptance” of rent which does not. The doctrine of waiver was not conceived as a trap for the unwary or to elevate gamesmanship, but rather its underpinnings emanate from considerations of justifiable reliance a tenant may place upon actions taken by a landlord that are contrary to its prior position causing the tenant to believe he/she need no longer surrender the premises. (See Associated Realties v Brown, 146 Misc 2d 1069 [1990].) Whether a waiver has occurred is fact specific.
*479 In the case before the court, the fact respondent was billed for rent for a period beyond the termination date stated in the notice militates toward a finding of waiver on the part of the landlord. Unlike the situation where a tenant subsequent to the termination date sends a rent check to the landlord hoping to “sneak one through” and claim the landlord has accepted rent, thereby waiving the termination notice, here respondent was billed for August 2004 rent. This was an affirmative act on the part of the landlord. Although a landlord may not be able to control what gets sent into its lockbox, it certainly can control rent bills which emanate from its office or agent.
Secondly, notwithstanding the fact respondent did not retrieve the certified letter dated August 26, 2004 from the United States Post Office, the letter was deficient. In the letter petitioner simply claimed the acceptance of the payment was inadvertent, but did not make any attempt to explain the “inadvertence” in accepting the payment. (See 205 E. 78th St. Assoc. v Cassidy, 192 AD2d 479 [1993], revg on dissenting op of McCooe, J., NYLJ, Sept. 27, 1991, at 21, col 4 [App Term, 1st Dept].)
The appellate cases cited by petitioner finding the landlord did not waive the right to maintain the proceeding all involve instances where the rent check from the tenant was returned uncashed to the tenant upon discovery of its inadvertent “acceptance.” (Tursi v Anderson, NYLJ, May 31, 2001, at 19, col 4 [App Term, 1st Dept]; Schnieder v McEnaney, NYLJ, Mar. 19, 1999, at 26, col 2 [App Term, 1st Dept]; Pacer Realty Assoc. v Bishop, NYLJ, Dec. 12, 1996, at 29, col 1 [App Term, 1st Dept].)
In contrast, the case of Cadim Stonehenge 56th St. Assoc., L.P. v Blue (NYLJ, Aug. 29, 2000, at 22, col 2 [App Term 1st Dept]), cited by respondent, held the landlord’s deposit of the tenant’s rent check for a period beyond the termination date and prior to the commencement of the proceeding vitiated the predicate notice and required dismissal of the proceeding.
In juxtaposing the opinions in the above-cited cases, the only discernable distinction to be found is that in the cases cited by petitioner the landlord returned the rent checks uncashed, while in Cadim the landlord had deposited the rent check. The only way to reconcile and read these cases in harmony appears to be by concluding that once a landlord deposits the tenant’s rent *480 check, the landlord can no longer negate an “inadvertent acceptance of rent.”[3]
Accordingly, based on the facts of this case — where the landlord deposited the respondent’s rent check, where it had billed for the posttermination rent, and where in the letter dated August 26, 2004 it did not explain the inadvertence in accepting the rent — the court finds that a waiver has occurred and that the notice of nonrenewal was vitiated. The proceeding is dismissed.

. Exhibit D to petitioner’s affirmation in opposition shows that the amount charged for the previous months was $1,229.62. There is no explanation given for this $189.60 increase.

. See pages 4 and 5 of affirmation of Gregory Claude, petitioner’s managing agent, in petitioner’s affirmation in opposition.

. See also the earlier case of Monacelli v Farrington (NYLJ, Apr. 10, 1996, at 25, col 1 [App Term, 1st Dept]), where the court drew a distinction between return of check versus deposit of check by landlord.