■ JPMORGAN CHASE BANK, N.A., Respondent, v ROCAR RE-ALTY NORTHEAST, INC., Appellant, and JEFFERSON VALLEY MALL LIMITED PARTNERSHIP, Respondent. [850 NYS2d 30]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered June 13, 2006, awarding plaintiff the principal sum of $33,097.20 with postjudgment interest and attorneys' fees against defendant Rocar Realty, and supplemental judgment, entered November 16, 2006, setting those attorneys' fees at $50,000 pursuant to an April 2004 stipulation between plaintiff and Rocar, unanimously reversed, on the law and the facts, with costs, and vacated, and judgment instead awarded in Rocar's favor on its counterclaim against plaintiff in the amount of $11,722.16. The Clerk is directed to enter an amended judgment accordingly. Appeal from order, same court and Justice, entered June 9, 2006, unanimously dismissed, without costs, as subsumed in the appeal from the June 13 judgment.

This case arises out of a landlord-tenant dispute between Rocar and defendant Jefferson Valley Mall. Rocar was the ground lessee of the subject premises pursuant to a lease agreement dated October 3, 1983 between Jefferson and Rocar's predecessor (the "ground lease"). Plaintiff was the subtenant of Rocar pursuant to a written lease agreement between plaintiff's

predecessor and Rocar, dated January 1, 1993 (the "bank lease").

The bank lease was to expire on January 30, 2004. Pursuant to article 6 thereof, plaintiff had the option to renew the bank lease for an additional five-year period. In the event plaintiff exercised such option, Rocar, in turn, was obligated to timely exercise its option to renew the term of the ground lease.

Plaintiff duly exercised its option to renew the bank lease. Rocar, however, failed to exercise its option to renew the ground lease. Thereafter, Rocar claims it tendered the February and March 2004 rent to Jefferson, giving rise to a month-to-month tenancy. Rather than contesting such claim, Jefferson served Rocar with a 30-day notice, terminating the putative month-to-month tenancy as of November 30, 2004.

Meanwhile, in connection with a holdover proceeding commenced in Yorktown Justice Court, Rocar and plaintiff entered into a stipulation in April 2004, pursuant to which the parties acknowledged that plaintiff had made payments to Rocar for February and March 2004 under the bank lease, and agreeing that such payments, totalling $33,097.20, would be refunded if the bank lease "is adjudicated by a final ruling of the Court or any successor or alternative court to have been terminated as of January 31, 2004, or agreed to have been so terminated by written agreement" between Jefferson and Rocar. Rocar agreed to indemnify plaintiff and hold it harmless against any and all losses, costs, expenses and damages, including attorneys' fees, that might be incurred by plaintiff in connection with or arising out of Rocar's failure to comply with this requirement.

The April 13, 2004 agreement also provided that plaintiff would resume paying Rocar rent under the bank lease for the period from April 1, 2004 onward in the event the bank lease was adjudicated to have been validly renewed or not validly terminated, and thus in force and effect as of February 1, 2004, or agreed to have been so renewed (or not validly terminated) by written agreement between Jefferson and Rocar.

Faced with competing demands by Jefferson and Rocar for rent during the same period, plaintiff commenced the instant action against Rocar and Jefferson in December 2004, seeking, inter alia, a judgment interpreting the rights and obligations of the parties with respect to the notice to cure and the competing demands for rent or use and occupancy for the same period.

Plaintiff makes much of the fact that the ground lease "expired" as of January 31, 2004. Nevertheless, it is undisputed that Rocar continued as a month-to month tenant after such time, and that plaintiff continued in possession of the premises.

During this period, the same relationships of sublessor-paramount landlord and sublessor-subtenant persisted.

A subtenant like plaintiff, faced with loss of possession because his sublessor has defaulted under the paramount lease, must nonetheless continue to perform the terms and conditions of its sublease (1 Dolan, Rasch's Landlord & Tenant—Summary Proceedings § 9:63 [4th ed]). Indeed, a subtenant has the right to perform covenants of the paramount lease breached by its sublessor in order to protect its possession. Thus, the subtenant may pay the paramount landlord the rent due it from the sublessor. Such payment, if made in good faith and under compulsion, is a defense to an action brought by the sublessor against the subtenant for the same rent (*id.* at §§ 9:56-9:57).

The rent payments herein (double payments to Rocar and Jefferson for the months of February and March 2004, and "use and occupancy" to Jefferson from April 1, 2004 onward) were made in good faith and under compulsion. Plaintiff, in possession of the premises, was faced with eviction if rent was not paid, and commenced the instant action to clarify to which party it owed the rent. Any rent paid by plaintiff to the paramount landlord is properly offset against amounts owing to Rocar under the sublease. To the extent any excess remains, plaintiff is liable therefor to Rocar for the period from February 1 to November 30, 2004, which is the difference between the $15,083.33 in monthly rent it paid Jefferson from April through November 2004, and the rent plaintiff owed Rocar under the sublease. Rocar contends that it is entitled to rent through May 2005, the date of the decision entering a final judgment of possession in favor of Jefferson and directing issuance of a warrant of eviction; however, the 30-day notice terminated Rocar's month-to-month tenancy as of November 30, 2005, and Rocar should not be permitted to collect rent from plaintiff thereafter.

The trial court unduly focused on the April 2004 agreement in defining the rights of the parties. That agreement did not fully resolve the issues herein because it predicated plaintiff's obligation to pay rent to Rocar on an adjudication that the bank lease had been validly renewed, or not validly terminated, and was thus in force and effect as of February 1, 2004. The agreement would have had more relevance had the holdover proceeding continued and if it had been determined that Jefferson had not accepted rent from Rocar, giving rise to a month-to-month tenancy. Instead, Jefferson made a strategic choice not to continue to litigate the issue of whether a valid month-to-month tenancy had been created, and thus must abide by its choice. The April 2004 agreement, as Rocar notes, is predicated on Jef-

ferson continuing to contest Rocar's tenancy beyond January 31, 2004. It does not deal with the situation herein, i.e., a month-to-month tenancy created upon expiration of the lease term. Since the parties continued in the same relationships with each other during this period of month-to-month tenancy, the general principles outlined above govern.

Since the provisions of paragraph 6 of the April 2004 agreement did not come into play, the award of attorneys' fees to plaintiff thereunder should be vacated. Concur—Lippman, P.J., Mazzarelli, Gonzalez and Sweeny, JJ.