■ RLR REALTY CORP., Appellant, v DUANE READE, INC., et al., Respondents. [42 NYS3d 148]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered October 6, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, as landlord, leased the subject premises to nonparty B&P Pharmacy, Inc. (B&P), for use, as stated in the lease, as a "pharmacy and general merchandise" business. The lease expired on July 31, 2013. B&P thereafter tendered, and plaintiff accepted, rent, at the last effective rate under the expiring lease, for the months of August through October 2013, thereby creating a month-to-month tenancy during that time, under the terms of the former lease (*see* Real Property Law § 232-c; *City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300 [1975]). On October 29, 2013, plaintiff served a 30-day notice of termination, terminating the month-to-month tenancy as of November 30, 2013 (*see JPMorgan Chase Bank, N.A. v Rocar Realty Northeast, Inc.*, 47 AD3d 425, 427 [1st Dept 2008], *lv dismissed* 11 NY3d 761 [2008]).

Meanwhile, B&P entered into an asset purchase agreement (the APA) with defendants for the sale of the goodwill of its pharmacy business. The APA closed on November 20, 2013, on which date B&P posted a notice on its premises advising its customers that the pharmacy was closed, and directing them to fill their prescriptions at defendants' nearby competing pharmacy. The APA had a noncompete provision—under which B&P would forfeit half of the compensation due thereunder if a pharmacy was operated at the premises prior to November 20, 2014—which strongly motivated B&P to remain on the premises, in order to prevent plaintiff from leasing the premises to another pharmacy. Viewing the record in the light most favorable to plaintiff, triable issues of fact exist as to the first four elements of a cause of action for tortious interference with contract, namely the existence of a valid contract, defendants' knowledge of the contract, defendants' intentional procurement of a breach of the contract, and breach of the contract (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Snyder v Sony Music Entertainment*, 252 AD2d 294, 299 [1st Dept 1999]).

Plaintiff has, however, failed to raise triable issues of fact as to the last element of damages. Plaintiff seeks damages only for the period of December 1, 2013, through the end of B&P's holdover on September 24, 2014, in the form of lost rent from a viable pharmacy during the holdover period. It is impossible for plaintiff to incur such damages during this period, because B&P, while unlawfully holding over, was not in breach of the lease's pharmacy provision, which expired on November 30, 2013. In other words, any losses suffered by plaintiff during this period were not occasioned by defendants' inducement of B&P to breach the lease's restricted premises provision,

because such provision was no longer in effect, having expired upon the end of the tenancy on November 30, 2013. There was no longer any contract in force for B&P to breach. Likewise, plaintiff could not seek any lost rent damages for the short period from November 21 to 30, 2013, when the restricted premises provision was still in effect, because it remained lawfully in possession of the premises during that time.

The motion court properly dismissed plaintiff's negligence claim, since plaintiff has not "posit[ed] any source of duty" owed to it by any of the defendants upon which to premise a negligence claim (*Regini v Board of Mgrs. of Loft Space Condominium*, 107 AD3d 496, 497 [1st Dept 2013]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ. ■