Scarborough Manor Owners Corp., Respondent,
against
Carol Robson, etc., Appellant.




Cotto Law Offices (Jose William Cotto, Esq.), for appellant.
Timko & Moses, LLP (James M. Timko, Esq.), for respondent.

Appeal from a final judgment of the Justice Court of the Village of Ossining, Westchester County (William J. Hamilton, J.), entered August 4, 2011. The final judgment, entered pursuant to a decision of the same court dated May 5, 2011, after a nonjury trial, awarded landlord possession in a holdover summary proceeding. The appeal from the final judgment brings up for review the denial of tenant's trial motion to dismiss the petition on the ground that landlord had accepted rent for a period after the termination of the lease and prior to the commencement of the proceeding.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated May 5, 2011 is deemed a premature notice of appeal from the final judgment entered August 4, 2011 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
Scarborough Manor Owners Corp. (landlord), a cooperative corporation, commenced this holdover proceeding against Carol Robson, a proprietary lessee (tenant), alleging a breach of the proprietary lease based on conditions in tenant's apartment. At a nonjury trial, tenant moved to dismiss the petition, asserting that landlord had accepted rent for the month after the termination of the lease and prior to the commencement of the proceeding. The motion was denied. At the end of [*2]the trial, tenant moved to dismiss the petition, pursuant to CPLR 4401, on the ground that the discontinuance or dismissal of an action that had been commenced against her by the Village of Ossining, based on violations of the building code in her apartment, precluded the maintenance of the instant proceeding pursuant to the doctrines of collateral estoppel and res judicata. The court denied tenant's motion, found that landlord had sustained its claim that tenant had failed to maintain her unit according to the provisions of the proprietary lease and the house rules, and that tenant had failed to cure those violations, and awarded landlord a final judgment of possession.
On appeal, tenant contends first that her motion to dismiss the petition based on landlord's acceptance of rent following the termination of the lease should have been granted.
When a payment of rent is made following the termination of a lease, two issues are presented for consideration: (1) whether the payment and acceptance of the rent indicated an intent by the landlord to waive the violation at issue, and (2) if the landlord did not intend to waive the violation, whether the payment and acceptance of the rent gave rise to a month-to-month tenancy requiring the service of a 30-day notice (see e.g. Matter of Wellington Estates v New York City Conciliation & Appeals Bd., 108 AD2d 685 [1985]; Martine Assoc., LLC v Donahoe, 11 Misc 3d 129[A], 2006 NY Slip Op 50294[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
With respect to the first issue, in Matter of Georgetown Unsold Shares, LLC v Ledet (130 AD3d 99, 105 [2015]), the Appellate Division, Second Department, held that a landlord's receipt of unsolicited rent after the expiration of a rent-stabilized lease and prior to the commencement of a nonprimary-residence holdover proceeding did not
"standing alone, amount to a voluntary relinquishment of the right to contest a tenant's possession on the basis that the leasehold is not the tenant's primary residence. Since the very essence of a waiver is the intentional relinquishment of a known right, a waiver cannot be created via negligence, oversight, or thoughtlessness."
The Court found that the record failed to demonstrate that the landlord had intentionally relinquished its right to proceed on its nonrenewal notice by accepting rent checks after the lease's expiration, notwithstanding that the landlord there had never returned the funds to the tenant, where there was no evidence that the landlord had solicited rent from the tenant and where the landlord's managing agent averred that the checks had mistakenly been deposited in the belief that they represented use and occupancy payments. The Court did not find persuasive the finding of the Appellate Division, First Department, in 205 E. 78th St. Assoc. v Cassidy (192 AD2d 479 [1993]), a nonprimary-residence case, that the notice of termination had been nullified where the landlord had claimed its acceptance and deposit of rent in the window period had been inadvertent but had not subsequently returned the funds. The Court in Matter of Georgetown Unsold Shares, LLC noted, in particular, that it "did not agree that a landlord must return an unsolicited payment, and thereby allow the tenant to occupy the apartment at no cost, in order to retain its right to proceed on a timely served nonrenewal notice" (130 AD3d at 106).
When the rationale of Matter of Georgetown Unsold Shares, LLC is applied to the facts of the instant case, it is clear that there was no intention by landlord to waive the termination notice. The testimony at trial demonstrated that landlord's board of directors had instructed its managing agent to terminate the tenancy and not to accept any rent payments from tenant; that tenant had deposited her unsolicited check into a bank lock box; and that neither landlord nor its managing agent knew of the deposit. In these circumstances, there was no knowing waiver; landlord's managing agent's mere failure to return the rent check cannot, at least in the Second Department, be deemed to vitiate the notice of termination (see Matter of Georgetown Unsold Shares, LLC, 130 AD3d 99).
It thus remains to be considered whether there was here an offer and acceptance of rent sufficient to give rise to an implied month-to-month tenancy, requiring the service of a 30-day notice, an issue not expressly addressed by the Court in Matter of Georgetown Unsold Shares, LLC. The ordinary inference to be drawn from a payment and knowing acceptance of rent is that there was an implied agreement to create a tenancy (see Real Property Law § 232-c [providing that the payment and acceptance of rent after the expiration of a lease creates a month-to-month tenancy absent an agreement providing otherwise]; RLR Realty Corp. v Duane Reade, Inc., 145 AD3d 444 [2016]; Samson Mgt., LLC v Hubert, 92 AD3d 932 [2012]; Matter of Wellington Estates v New York City Conciliation & Appeals Bd., 108 AD2d 685; compare RPAPL 711 [1] [providing that an acceptance of rent after the commencement of a proceeding shall not terminate the proceeding]). For instance, in 92 Bergenbrooklyn, LLC v Cisarano (50 Misc 3d 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), decided after Matter of Georgetown Unsold Shares, LLC, the court held that an acceptance of rent after the service of a notice terminating a month-to-month tenancy but prior to the service of a notice of petition and petition gave rise to a new month-to-month tenancy and vitiated the landlord's notice of termination (see also Knowles v North Clinton Assoc., 54 Misc 3d 127[A], 2016 NY Slip Op 51790[U] [App Term, 9th & 10th Jud Dists 2016]; Guy v Furman, 4 Misc 2d 564 [App Term, 1st Dept 1956]; but see 385 Bayview LLC v Warren, 51 Misc 3d 289 [Dist Ct, Nassau County 2016]; Warren Murray Prop. Owner, LLC v Hexner, 50 Misc 3d 1229[A], 2016 NY Slip Op 50306[U] [Civ Ct, NY County 2016]).
For the same reason that we find no waiver, we find that a month-to-month tenancy requiring the service of a 30-day notice was not created. While this court adheres to the general rule that a knowing acceptance of rent following the termination of a lease gives rise to a month-to-month tenancy (see Knowles, 54 Misc 3d 127[A], 2016 NY Slip Op 51790), the facts of this case do not support the application of that rule. "The relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts and conduct of the parties negative its existence" (Stern v Equitable Trust Co. of NY, 238 NY 267, 269 [1924]). As noted above, the testimony demonstrated that landlord's board of directors had instructed its managing agent to terminate the tenancy and not to accept any rent payments from tenant; that tenant had deposited the unsolicited check into a bank lock box; and that neither landlord nor its managing agent knew of the deposit. In these circumstances, there was no knowing acceptance of rent and tenant could have had no legitimate expectation that her payment of rent would give rise to a month-to-month tenancy.
Tenant's further contention that this proceeding was barred by the doctrines of collateral estoppel and res judicata because an action that had been instituted against her by the Village of Ossining had been dismissed or discontinued is unavailing, for the reason, among others, that landlord was not a party to that action (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).
Furthermore, contrary to her contention, tenant was not entitled to a 10-day postjudgment cure period, since the premises is located outside the City of New York (see RPAPL 753 [4]; Landmark Props. v Olivo, 10 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
We have examined tenant's remaining argument and find it to be without merit.
Accordingly, the final judgment is affirmed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 17, 2017