Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal (2019 NY Slip Op 08401)





Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal


2019 NY Slip Op 08401


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-13232
 (Index No. 504343/17)

[*1]In the Matter of Bedeau Realty Corp., appellant,
v
State of New York, Division of Housing and Community Renewal, respondent.


Adeshola Adeyemo, Jamaica, NY, for appellant.
New York State Division of Housing and Community Renewal, named herein as State of New York, Division of Housing and Community Renewal, New York, NY (Anita Shia of counsel), respondent pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated January 4, 2017, which denied a petition for administrative review and affirmed a Rent Administrator's determination dated September 9, 2016, finding that the petitioner had overcharged tenants and awarding the tenants treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 29, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In a determination dated January 4, 2017, a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter DHCR) concluded that a Rent Administrator properly awarded a rent overcharge and treble damages to the petitioner's tenants because the petitioner failed to provide the tenants with a lease and thereby waived any right it may have had to increase the rent above what it charged prior tenants. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the DHCR's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925, 925; Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766). "The court may not substitute its judgment for that of the DHCR" (Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676). " The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld'" (Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d at 766, quoting Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d at 676; see Matter of Terrace Ct., LLC v New York State Div. of [*2]Hous. & Community Renewal, 18 NY3d 446, 453-454).
Here, the DHCR's determination that the petitioner overcharged the tenants by virtue of its waiver of the right to collect rent increases over the amount charged to its previous tenants had a rational basis and was not arbitrary and capricious (see Rent Stabilization Code [9 NYCRR] § 2522.5[a][1]; [b][2]; [c][1], [3]; Matter of 24 Fifth Ave. Assoc. v New York State Div. of Hous. & Community Renewal, 191 AD2d 331, 331; Matter of Snowmass Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal, 13 Misc 3d 1243[A], 2006 NY Slip Op 52332[U], *1-2 [Sup Ct, NY County]). Moreover, the DHCR's determination with respect to the award of treble damages had a rational basis and was not arbitrary and capricious (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516[a]; Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal, 61 AD3d 753, 754-755; Matter of 455 Ocean Assoc. v New York State Div. of Hous. & Community Renewal, 241 AD2d 495, 496).
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court